IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHEN SILAS THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-19 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Stephen Silas Thomas, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff has filed a Motion for Leave to Proceed *in Forma Pauperis*. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints on an *in forma pauperis* basis, as well as complaints that fail to state a claim upon which relief may be granted. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, at least three lawsuits filed by Plaintiff were dismissed for failure to state a claim.[1] As a result, Section 1915(g) is applicable.

---

[1] *Thomas v. Stephens*, No. 2:15cv304 (N.D. Tex. Nov. 23, 2015) (dismissed for failure to state a claim); *Thomas v. Dir., Tex. Dep't of Crim. Just.*, No. 9:20cv219 (E.D. Tex. July 20, 2022) (dismissed for failure to state a claim); *Thomas v. Lumpkin*, No. 9:20cv163 (E.D. Tex. June 7, 2023) (dismissed for failure to state a claim and for lack of jurisdiction).

Plaintiff alleges telephone numbers have been added to his telephone list without his knowledge. He also asserts his private PIN number is being constantly used by the person who stole his tablet. These allegations fail to demonstrate Plaintiff was in imminent danger of serious physical injury on the date he filed this lawsuit. Section 1915(g) therefore bars Plaintiff from proceeding with this lawsuit on an *in forma pauperis* basis.

### Recommendation

This lawsuit should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $405 filing fee within 14 days of the date of this order.

### Objections

Objections must be (1) specific, (2) in writing, and (3) filed within 14 days after receiving a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 3rd day of April, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE